In the Matter of the Application of LOUIS H. PINK, as Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, for an Order Directing KAYARES THEATRICALS, INC., to Produce and Make Available All Records and Other Data with Respect to Income, and for an Order Directing Payment of Surplus Income or Such Part Thereof as the Court May Determine, to the Mortgagee, the Said LOUIS H. PINK, as Superintendent of Insurance of the State of New York as Aforesaid, to Apply Toward the Reduction of Any Past Due Principal of the First Mortgage Covering Premises Located at the Southeast Corner of Fortieth Street and Fifteenth Avenue, Brooklyn, Kings County, New York, and Owned by the Said KAYARES THEATRICALS, INC., Pursuant to the Provisions of Section 1077-C of the Civil Practice Act. LOUIS H. PINK, as Superintendent of Insurance of the State of New York, as Liquidator of NEW YORK TITLE AND MORTGAGE COMPANY, Appellant; KAYARES THEATRICALS, INC., Respondent.— Order denying petitioner's motion for the payment over of surplus under section 1077-C of the Civil Practice Act, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted to the extent of requiring the payment over of $4,264.67 for the period involved. The total claimed as surplus was $7,781.18. It is conceded that items No. 1 and No. 3, totalling $1,689.42, were properly allowed. This makes the new amount of claimed surplus $6,091.76. Item No. 5, being an amortization of a bonus on the first mortgage payment of $229.16, is allowed, on the theory that it is a proper charge or expense under the circumstances. Item No. 2, of $1,597.93, being a charge for operating and collecting receipts, is also approved, on the theory that the peculiar circumstances of this operation require the view that it was not improvident for the Special Term to allow in excess of three per cent of the gross receipts. These two items thus allowed make a new surplus figure of $4,264.67. This latter figure results from disallowing items which the Special Term allowed, being

item No. 4, of $500 on amortizing the second mortgage. The allowance of this item was an invasion of the first mortgagee's rights. Items No. 6, for $895.54, and No. 7, for $2,490, both concern depreciation, and were improperly allowed. (*Matter of Mortgage Comm. of State of N. Y.* v. *Endee Bldg. Corp.*, 247 App. Div. 887, where the disallowance of such items was approved.) Item No. 8, aggregating $55.65, relating to corporate franchise taxes, etc., was improperly allowed. (*Matter of Mortgage Comm. of State of N. Y.* v. *Endee Bldg. Corp.*, 247 App. Div. 887, where the disallowance of such an item was approved.) Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.